**Motion Granted; Abatement Order filed November 13, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00469-CR
_____

**ANDREW SCOTT PARKE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1202736**

## ABATEMENT ORDER

This is an appeal from an order adjudicating appellant's guilt and sentencing him to confinement for seven years in the Institutional Division of the Texas Department of Criminal Justice. The reporter's record in this appeal was filed on June 11, 2012. On October 23, 2012, appellant filed a motion to correct the reporter's record. Appellant asserts that he pleaded "not true" to all of the allegations in the State's motion to adjudicate, but the reporter's record reflects that he pleaded "true" to one of the allegations. [RR, Vol. 1, p. 13]. The judgment reflects that appellant pleaded "true" to the allegations in the motion. The trial court's docket sheet recites, however, that "[t]he

defendant was arraigned [*sic*] on the MAJ to which he plead "not true" to the allegations."

Rules 34.5 and 34.6 allows correction of inaccuracies in the reporter's record. Tex. R. App. P. 34.5; 34.6. The parties may agree to correct an inaccuracy or, if the parties cannot agree, the trial court can hold a hearing and make a determination regarding the alleged inaccuracy and order the court reporter to correct the record. Tex. R. App. P. 34.6(e)(1)-(2). If a dispute arises regarding the accuracy of the reporter's record after the record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution. Tex. R. App. P. 34.6(e)(3). Appellant has been unable to resolve the inaccuracy and requests that we remand to the trial court so that the lower court may order the record corrected. We grant the request and enter the following order.

Pursuant to Tex. R. App. P. 34.6, the judge of the 230th District Court shall: (1) immediately conduct a hearing at which the court reporter Mary Ann Rodriguez, appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether the record contains an inaccuracy; (b) if so, what correction needs to be made to conform the record to what occurred in the trial court. The judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and any corrected order or judgment. Those records shall be filed with the clerk of this court on or before **December 12, 2012.** If the trial court finds any inaccuracy in the reporter's record, the court must order the court reporter, **Mary Ann Rodriguez,** to conform the reporter's record to what occurred in the trial court, and certify and file a corrected record in the appellate court within **30 days** of the hearing. *See* Tex. R. App. P. 34.6(e)(2).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's

2

findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.